RUTHANNE BOYNS *vs.* DEPARTMENT OF PUBLIC
WELFARE & another.

Suffolk.   November 3, 1971. — December 10, 1971.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Minor.   Parent and Child.*

G. L. c. 119, § 23, requires the Department of Public Welfare to seek
custody of a child in the Probate Court whenever a parent
terminates a voluntary agreement for foster care of the child under
paragraph A of § 23 and the department still wishes to retain
custody of the child against the parent's wishes. |601-602|

A contention by a parent that the Department of Public Welfare had
improperly failed to petition the Probate Court for custody of her
child after she had terminated an agreement for foster care of the
child under G. L. c. 119, § 23, was without merit where the
department had been enjoined by the Superior Court at the
parent's instance "from taking any legal action for the custody of
the . . . child" and the order had never been vacated or changed.
|602|

PETITION filed in the Superior Court on November 19,
1970.

The case was heard by *Connolly, J.*

*Joseph P. Roman, Jr.,* for the petitioner, submitted a
brief.

QUIRICO, J.   By this petition for a writ of habeas corpus
the petitioner seeks the return to her of her minor daughter
who she alleges is being withheld from her unlawfully by
the respondents.   The case is before us on the petitioner's
appeal and the exceptions to the denial of her petition.

The parties stipulated to the following facts.   In April,
1970, the petitioner transferred custody of her minor
daughter to the respondents under a voluntary agreement

pursuant to G. L. c. 119, § 23, par. A.[1] In June, 1970, the petitioner terminated the agreement and demanded the return of her child but the child was not returned and is still held in the custody of the respondents. The respondents have not sought custody of the child by proceedings under G. L. c. 119, § 23, par. C,[2] or by any other legal proceedings.

In his decision denying the petition the trial judge found subsidiary facts from which he concluded that "the interest of the child is controlling in this case, that the child is presently well cared for, that the credible evidence does not support a finding that the physical and emotional needs of the child would be met if she were to return to her parents at this time and to order that return would be a gross injustice to the child."

The petitioner argues that G. L. c. 119, § 23, "[r]ead as a whole, . . . should be construed to require the respondents to seek custody of a child in the Probate Court whenever a parent terminates an agreement under . . . [par. A of § 23] and the respondents decide that the custody of the child

---

[1] The pertinent portion of this statute, as amended through St. 1962, c. 535, is as follows:

"The department [of public welfare] shall have the responsibility, including financial responsibility, for providing foster care for children through its own resources or by use of appropriate voluntary agencies according to the rules and regulations of the department in the following instances:

"A. Upon the application of a parent or guardian or any person acting in behalf of the child, or of the child himself, the department may accept for foster care any child under twenty-one years who in its judgment is in need of foster care. Such acceptance shall entail no abrogation of parental rights or responsibilities, but the department may accept from parents a temporary delegation of certain rights and responsibilities necessary to provide the foster care for a period of time under conditions agreed upon by both and terminable by either."

[2] Paragraph C, as amended through St. 1960, c. 325, in effect when this case was filed in and decided by the Superior Court provided as follows:

"C. The department may seek and may accept on order of a probate court the custody of any child under twenty-one years who is without proper guardianship due to the death, unavailability or incapacity of the parent or guardian, or on the consent of the parent or parents. Such custody shall include the right to determine the child's place of abode, medical care, education; to control visits to the child; to give consents to enlistments, marriages and other contracts requiring parental consent, such custody to include the right to consent to adoption only when it is expressly included in the order of the court."

should be retained." We agree with that contention but add that the statute does not preclude the petitioner from bringing such proceedings in the Probate Court. The petitioner argues further that the respondents' failure to bring such proceedings in the Probate Court "is violative of procedural due process," and "is violative of the intent of . . . G. L. c. 119, § 23." Whatever validity that argument might have if the respondents had voluntarily refrained from bringing such proceedings in the Probate Court from June, 1970, to the present date, it has no validity in this case for a very obvious reason which the petitioner's argument ignores. On November 19, 1970, the petitioner sought and obtained from the Superior Court an order enjoining the respondents "from taking any legal action for the custody of the . . . child until further order of the court." The record does not indicate that this order has ever been vacated or changed.

The issues involved in this case are peculiarly appropriate for hearing and determination by the Probate Court, and they are within the jurisdiction of that court. The rights and interests of the parties and also of the child who is the subject of the petition but not named as a party can be best determined and protected by the Probate Court. The petitioner was at all times free to seek relief in the Probate Court, but has not availed herself of that right. At the same time she has effectively prevented the respondents from seeking such relief. She is in no position now to take advantage of the respondents' failure to proceed in the Probate Court.

The exceptions are sustained, the order denying the petition for a writ of habeas corpus is reversed, and the case is remanded to the Superior Court for the following further proceedings. If the order of the Superior Court enjoining the respondents from taking legal action for the custody of the child is still in effect, it shall be vacated. If, within sixty days from the date that the rescript from this court is entered in the Superior Court, neither party shall file a petition in the Probate Court relative to the "responsibility

for,"[3] or custody of, the child, the present petition for a writ of habeas corpus shall be allowed. If such a petition is filed in the Probate Court in the time limited, the responsibility for, and custody of, the child shall be governed by any order (temporary or permanent) entered by that court thereon. The respondents shall have responsibility for the child under the provisions of G. L. c. 119, § 23, par. C, as amended, until the expiration of the period of sixty days limited for filing a petition in the Probate Court or until the Probate Court otherwise orders.

*So ordered.*

---

[3] General Laws c. 119, § 23, par. C, as amended by St. 1970, c. 888, § 5, provides in pertinent part as follows:

"C. The department may seek and shall accept on order of a probate court the responsibility for any child under twenty-one years of age who is without proper guardianship due to the death, unavailability, incapacity or unfitness of the parent or guardian, or on the consent of the parent or parents. Such responsibility shall include the right to determine the child's place of abode, medical care, and education; to control visits to the child; to give consents to enlistments, marriages and other contracts requiring parental consent, such responsibility to include the right to consent to adoption only when it is expressly included in the order of the court."